

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Lon Alsup
Executive Secretary-Director
State Commission for the Blind
Austin, Texas

Dear Sir:
              Opinion No. O-4875
              Re: May the State Commission for
                  the Blind use any of the funds
                  in Item 30 in the Appropriation
                  Bill passed by the Regular Ses-
                  sion, 47th Legislature, for the
                  purpose of purchasing merchan-
                  dise which is to be sold by
                  vending stands operated under
                  the supervision of the State
                  Commission for the Blind? And
                  a related question.

      You have asked the opinion of this department on the above question, and upon a related question, which you state that we need not answer if the above question is answered in the negative.

      Items 30 and 31 in the current Appropriation for your Department are found in Senate Bill No. 423, at page 1131, General and Special Laws of the 47th Legislature, Regular Session, under the heading "Maintenance and Miscellaneous", and are as follows:

                            "For the Years Ending

| | August 31, 1942 | August 31, 1943 |
|---|---|---|
| 30. Revolving fund for raw materials to be used by workers in home industries for educational and rehabilitation purposes...... | 5,000.00 | 5,000.00 |

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Lon Alsup, Page 2

> 31. Stand equipment, machin-
> ery, and tools for re-
> habilitation and educa-
> tional training purposes  5,000.00  5,000.00"

In our opinion No. O-4059, addressed to Miss Hazel H. Beckham, then Executive Secretary-Director of the State Commission for the Blind, we held that the term "equipment" as used in Item 31, quoted above, is sufficiently broad to include stocks of merchandise to be sold through vending stands established and maintained by the Commission as an aid to the financial rehabilitation of blind persons. We understand that these stocks of merchandise include cigars, packaged chewing gum, packaged candy bars, bottled soft drinks, and other such things ordinarily sold through vending stands conducted in the lobbys of office buildings. You now desire to purchase these stocks from the revolving fund provided in Item 30, in order to release the funds provided in Item 31 for other pressing needs.

The answer to your question depends on whether the phrase "raw materials" includes such things as cigars, packaged chewing gum, packaged candy bars, and bottled soft drinks, and upon whether the phrase "home industries" includes vending stands operated in the lobbys of office buildings. We have found no judicial definitions of these phrases, which are applicable to the question here presented. Webster defines the adjective "raw" as meaning "in, or nearly in, the natural state; little changed by art; unwrought; as raw material. . .unprepared for use or enjoyment; crude; as, raw products. . .", and "material" as "the substance or substances, or parts, goods, stock, or the like, of which anything is composed or may be made; as, raw materials". Inasmuch as the stock in trade of a vending stand such as those operated under the supervision of the Commission consists of things in which the process of manufacture is complete, and which are prepared for final consumption, we do not believe that these things come within the meaning of the phase "raw materials", as used in Item 30, above, by the Legislature. Furthermore, we believe that the phase "home industries", as used in said Item 30, refers to arts, occupations, and businesses pursued in or about a dwelling or dwellings.

It is therefore our opinion that none of the funds appropriated in said Item 30 may lawfully be used by the

State Commission for the Blind for the purchase of merchandise which is to be sold by vending stands operated under its supervision.

Since we have answered your first question in the negative, we do not consider your second question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

W. R. Allen
Assistant

WRA:mp

APPROVED SEP 30 1942

ATTORNEY GENERAL OF TEXAS

